**YOUNG NGUEY SEK v. CARMICHAEL,**
Immigration Director.
No. 9639.

Circuit Court of Appeals, Ninth Circuit.
March 11, 1941.

You Chung Hong, of Los Angeles, Cal., for appellant.

Wm. Fleet Palmer, U. S. Atty., and Russell K. Lambeau, Asst. U. S. Atty., both of Los Angeles, Cal., for appellee.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from a denial of a petition of appellant, a male of Chinese ancestry seeking admission to the United States, praying (1) that a writ of habeas corpus issue to produce appellant before the district court and (2) that, upon inquiry, the petitioner "be restored his liberty"—that is, freed of the custody of the appellee and remain in the United States.

The petition so far as it prayed for the writ was granted. It was issued and appellant produced before the district court. There, through his counsel, he participated in the inquiry. Upon the record, made in the Department of Labor and introduced in evidence at the inquiry, the petition so far as concerns its prayer to free appellant was denied.

Appellant contends the district court erred in not holding that he was not accorded a fair hearing before the Immigration Board of Special Inquiry and that the deportation order, issued by the Secretary of Labor after affirming the decision of the Board, is invalid.

The charge of unfairness is based on the claim that the testimony affirmatively shows appellant was born the son of a Chinese citizen, and that the evidence he is not such a son is so unsubstantial that no fair minded administrative tribunal could regard it as worthy of consideration.

We cannot agree with appellant's contention. He produced two witnesses, an alleged father and brother. There are substantial contradictions between appellant's testimony and that of his two witnesses relative to appellant's life as a claimed member of his alleged father's family. This was spent in a small Chinese village of nine houses, in which appellant claimed he had lived some nineteen or twenty years since his birth. One of the discrepancies concerned the structure of a small dwelling of not over seven rooms, in half of which he claimed to have lived with his alleged father's family, the other half being occupied by another family. Others had to do with the names of relatives. Others with the departure of an alleged brother from the family home.

There was sufficient such contradictory testimony to support a specific finding by the Board that appellant was not the son of the alleged citizen father. The Board and the Secretary of Labor had to decide no more than that appellant had failed in his burden to show affirmatively the parent-son relationship. Hence there is no ground for a claim of unfairness in the hearing or that the executive officers concerned acted in some "unlawful or improper way" warranting the overruling of their decision. Tang Tun v. Edsell, 223 U.S. 673, 675, 32 S.Ct. 359, 56 L.Ed. 606.

The decision is affirmed.